## McClelland v. Phillips.

1. NOTICE—PENDING ACTIONS.
The pendency of divorce proceedings does not, of itself, charge the public with notice thereof.
2. CHATTEL MORTGAGE.
A mortgage by a husband on chattels belonging to him, without notice to the mortgagee of the pendency of divorce proceedings between the mortgagor and his wife, and before final decree setting apart the same goods to the wife, is valid.

*Error to the District Court of Pueblo County.*

Messrs. REEVE & LOW and Messrs. GALLIGAN, DEASY & HIGGINS, for plaintiff in error.

No appearance for defendant in error.

Thomson, J., delivered the opinion of the court.

Action by Elizabeth Phillips for the unlawful, wrongful and forcible taking and carrying away by the defendant of one wagon, and a quantity of potatoes, alleged to be her property and in her possession. Judgment for plaintiff, from which defendant appeals.

On June 19, 1891, the plaintiff commenced her action against her husband, John P. Phillips, for a divorce. In her complaint she alleged the preëmption of certain lands by her husband, and prayed that the improvements and growing crops upon the lands be set apart to her. On the 14th day of September following, she filed her amended complaint, in which she averred that the crops, although belonging to her husband, had been planted and cared for by her, and prayed that they be allowed and set apart to her. At the hearing the divorce was granted as prayed, and the crops given and allowed to her. The decree was rendered October 8, 1891. On September 15, 1891, John P. Phillips executed to the defendant in this case a chattel mortgage of the wagon mentioned in the complaint, and fourteen acres of potatoes growing upon the lands preëmpted by Phillips, to secure the payment of a note made by him to the defendant for $100. These potatoes were part of the crops mentioned in the complaint for divorce, and were the same potatoes for the taking of which by the defendant this action was brought. The note was given for a *bona fide* indebtedness owed by Phillips to the defendant. At the time of the execution of the mortgage the defendant had no notice of the pendency of the divorce proceedings.

The evidence was somewhat conflicting as to the ownership of the wagon. The jury were correctly instructed upon that question, and if nothing more than the wagon had been involved in the controversy we should unhesitatingly affirm

the judgment.    But in regard to the potatoes the court gave the following instruction:

"First, in reference to the title of the potatoes, the court instructs the jury that under the pleadings and decree rendered in the county court, of which the defendant McClelland was charged in law with notice, the title of the potatoes passed under that decree to the plaintiff in this action, and for such potatoes the jury will ascertain the market value and return a verdict for the plaintiff, if they find, from the evidence, the same were taken by the defendant."

There is nothing in the pleadings, evidence or law to warrant this instruction.    The defendant was not charged in law with notice of the pendency of the divorce proceedings simply in virtue of the fact that they were pending, and he had no other notice.    He could not be charged with notice of the decree, because it had not yet been rendered.    There was no source of information open to the jury concerning the ownership of the potatoes, except the testimony of the witnesses at the trial, and that testimony they were not permitted to consider.    The instruction was erroneous and the judgment will be reversed.

*Reversed.*